NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

FILE NAME: 15A0263N.06

Case Nos. 14-3032/3033

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 13, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| DARNELL HARRIS; MARIAH HARRIS, | ) | |
| | ) | |
| *Defendants-Appellants*. | ) | |
| | ) | |

Before:  BATCHELDER and KETHLEDGE, Circuit Judges; and COLLIER, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.**  Defendants Darnell Harris and Mariah Harris appeal certain judgments concerning their sentencing in this criminal case.  We AFFIRM.

**I.**

Darnell and Mariah Harris are brother and sister, currently 27 and 21 years old, respectively.  On May 21, 2012, they robbed a jewelry store.  Mariah entered first, posing as a customer, and then covertly called Darnell, apparently to tell him there were only two employees (a male and a female) and no other customers in the store.  About 10 minutes later, Darnell entered, wearing a hat and sunglasses, and holding a handgun in the air to announce the robbery.

Darnell ordered the employees to the back of the store and duct-taped their hands, ankles, and eyes. While Darnell and Mariah were robbing the store, the male employee worked free from the duct tape.  When Darnell heard him, he choked the employee unconscious and beat him with his handgun, causing injuries that required stitches and surgical staples to close the wounds

---

[*]The Honorable Curtis Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

and surgery to repair broken bones and teeth. Both employees eventually required significant psychological counseling.

While Darnell was beating the male employee with the gun, Mariah was insisting, "you said no one would get hurt," but Darnell continued. Darnell also sprayed adhesive into the male employee's eyes and held the gun to the employee's head with a promise to kill him. Eventually, Darnell bound the employee with an extension cord and more tape, and returned to the robbery.

Darnell was in the store for about one hour and 15 minutes, though Mariah left after about 45 minutes. After she left, Darnell demanded the employees' names and addresses so he could find them if they called the police. Darnell and Mariah stole $53,734 in jewelry, $3,125 in cash, and the store's video surveillance system. Neither of the employees could offer the police any reason for Darnell's violence or for his prolonging the robbery for over an hour, particularly given that the employees offered no resistance and the male employee had offered Darnell and Mariah whatever they wanted if they would just leave.

A little over two months later, on August 1, 2012, the male employee was in a Kroger grocery store and spotted Darnell and Mariah. But they also recognized him and immediately abandoned their shopping cart and ran from the store. With this second sighting and the Kroger surveillance video, the employee was able to identify Darnell and Mariah for the police.

Police arrested Darnell and Mariah. The prosecutor charged both with robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951, and also charged Darnell with brandishing a fire arm, in violation of 18 U.S.C. § 924(c)(1)(A)(i & ii). Both entered guilty pleas.

The court scheduled a sentencing hearing and Darnell asked his attorney to move for a continuance so that he would have more time to obtain character letters. Darnell also wrote to the court, explaining his request and seeking to replace his attorney if the attorney would not file a motion to continue. Shortly thereafter, the attorney filed the motion, which the district court

denied. At the sentencing hearing a few days later, the court discussed at length Darnell's motion for new counsel, with both Darnell and his counsel. Darnell was vague about his reasons, despite the court's persistence, and emphasized that it was just "me not feeling comfortable." Finally, after extended questioning, Darnell revealed that he was aggravated with a line or two in the sentencing brief that he had wanted his counsel either to omit or rewrite. The court denied the motion for new counsel.

After conducting a thorough sentencing hearing, the court sentenced Darnell to 171 months in prison. Mariah's counsel conceded that her guidelines range was 108 to 135 months but sought a downward variance based on her youth, lack of criminal history, Darnell's influence, and her expectation that during the robbery no one would be hurt. The court sentenced her to 108 months, the bottom of the advisory range. Neither the defendants nor the government raised any objections following the court's *Bostic* inquiry. *See United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004).

## II.

Darnell and Mariah have appealed here, raising three separate claims.

## A.

Darnell claims that the district court erred by denying his request to substitute counsel for purposes of his sentencing, a request he submitted to the court by letter prior to the hearing. At the beginning of the hearing, the court held an extensive colloquy with Darnell to address this request. The court also spoke with Darnell's counsel before ruling on the request.

We review a district court's denial of a defendant's motion to substitute counsel for an abuse of discretion. *United States v. Chambers*, 441 F.3d 438, 446 (6th Cir. 2006). The factors relevant to this determination are: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry, (3) the extent of the alleged conflict, and (4) the public's interest in the prompt

and efficient administration of justice. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001). Here, only the first factor favors Darnell (and that only if we accept his motion as timely), but the third factor is most pertinent: whether the disagreement resulted in "a total lack of communication preventing an adequate defense." *See id*. Darnell offered no testimony or evidence to support this.

Recall that, under extensive questioning, Darnell was vague and unclear about his disagreement with counsel, continuing to answer that he was just "not feeling comfortable." Eventually, the most specific Darnell could be was that he had wanted his counsel to either omit or re-draft a line or two in the sentencing brief. He was unable to specify his purported problems with the PSR, identify any serious lack of communication, or criticize counsel's conduct in preparation for sentencing. Even Darnell's desire for a continuance (the initial issue prompting his letter to the court) did not demonstrate any breakdown in communication given that counsel did in fact move for the continuance as Darnell requested, albeit unsuccessfully. And the district court's thorough inquiry into Darnell's request more than satisfied the second factor.

Our careful review of the record satisfies us that Darnell did not show that substitution of counsel was warranted. Moreover, he has not shown an abuse of discretion in the court's denial.

**B.**

Darnell claims that the district court erred by denying his request to continue the sentencing hearing so that he could further consider potential objections to the PSR and obtain additional character letters. Darnell has not, however, proffered any further objections or letters that he might have produced with more time.

We review for abuse of discretion a district court's decision whether to grant or deny a motion for a continuance. *United States v. Amawi*, 695 F.3d 457, 480 (6th Cir. 2012). Here, the district court determined that a continuance was not warranted and Darnell has offered nothing to

counter that conclusion. Darnell has not shown, and the record does not demonstrate, that a continuance was warranted. We find no abuse of discretion here.

## C.

Mariah argues that the district court erred by denying her request for a downward variance from the advisory sentencing range. That request was premised on a variety of facts and circumstances: this was her first conviction, she was young (18 years old at the time of the crime), she was influenced by her older brother (Darnell), she did not anticipate any violence (based on her statements during the crime), and she left the store before the robbery was complete. The court considered all of these factors but declined to grant a variance, instead sentencing her to the bottom of the guideline range. Mariah now argues that the sentence imposed was substantively unreasonable.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Gall*, 552 U.S. 38, 51 (2007). Sentences within the guidelines range are presumed reasonable. *United States v. Adkins*, 729 F.3d 559, 564 (6th Cir. 2013).

Here, the district court considered all of the relevant sentencing factors as well as the additional factors that Mariah emphasizes on appeal. Mariah can point to no authority for the proposition that because the court *could* have varied downward on the basis of these factors, the court *should* have done so, or that its refusal to do so resulted in a sentence that is unreasonable. We find no abuse of discretion here.

## III.

Accordingly, we AFFIRM the judgments of the district court.